1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

COSMO SPECIALTY FIBERS, INC., et al.,

9

Plaintiffs,

10

v.

11

RICHARD BASSETT, et al.,

12

Defendants.

13

CASE NO. C15-5485 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS AND GRANTING
PLAINTIFFS' LEAVE TO
AMEND

14

15

16

17

18

This matter comes before the Court on Defendants Richard Bassett ("Bassett") and

Charlestown Investments Holdings, Ltd.'s ("Charlestown") (collectively "Defendants")

motion to dismiss.  (Dkt. 14). The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants in part

and denies in part the motion for the reasons stated herein.

19

**I. PROCEDURAL HISTORY**

20

21

22

On July 14, 2015, Plaintiffs Cosmo Specialty Fibers, Inc. ("Cosmo"), Cosmopolis

Holdings, L.L.C., and Gores Capital Partners II, L.P., and Gores Co-Invest II Partnership

(collectively "Plaintiffs") filed a complaint against Defendants asserting claims for misrepresentation or fraud in the inducement, fraudulent concealment, negligent misrepresentation, breach of contract, and a violation of Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86.  Dkt. 1.

On August 5, 2015, Defendants filed a motion to dismiss.  Dkt. 14.  Defendants argue that Plaintiffs' claims are compulsory counterclaims that should have been brought in *Cato Sales and Trading v. Cosmo Specialty Fibers, Inc.*, No. C14-5549BHS (W.D. Wash.) ("*Cato v. Cosmo*") and, in the alternative, Plaintiffs fail to state a claim for relief. *Id.*  On August 24, 2015, Plaintiffs responded.  Dkt. 16.  On August 28, 2015, Defendants replied.  Dkt. 19.

## II. FACTUAL BACKGROUND

In this case, Plaintiffs' allegations and claims revolve around Defendants' "misrepresentations and breaches of contract relating to the purchase and re-start of the Mill for the production and sale of dissolving wood pulp that consists of high purity cellulose."  Dkt. 1, ¶ 13.  The contract in question is a consulting agreement between Cosmo and Charlestown in which Cosmo alleges that "Charlestown agreed to provide expert consulting services to ensure Cosmo had all the requisite information to successfully re-start and operate the Mill."  *Id.* ¶ 97.

In contrast, the other case before the Court stems from a contract between Cosmo and Cato Sales and Trading ("Cato") "in which Cosmo appointed Cato as its exclusive sales agent for the mill's product . . . ."  Cause No. 14-5549, Dkt. 1, ¶ 12.  Cato is a

1    "limited liability company incorporated under the laws of Switzerland" with members

2    Richard Bassett and Benno Hafner.  *Id.* ¶ 1.

3                                    **III. DISCUSSION**

4    **A.    Rule 13**

5            Under the sub-heading "Compulsory Counterclaim," Rule 13(a) of the Federal

6    Rules of Civil Procedure provides in part as follows:

7            a pleading shall state as a counterclaim any claim . . . the pleader has
        against any opposing party if it arises out of the same transaction or
8        occurrence that is the subject matter of the opposing party's claim . . . .

9    *Id.*  A claim "arises out of the same transaction or occurrence," if "the essential facts of

10   the various claims are so logically connected that considerations of judicial economy and

11   fairness dictate that all of the issues be resolved in one lawsuit." *Pochiro v. Prudential*

12   *Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also, Hydranautics v.*

13   *Filmtec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995) ("We determine whether a claim arises

14   out of the same transaction or occurrence by analyzing 'whether the essential facts of the

15   various claims are so logically connected that considerations of judicial economy and

16   fairness dictate that all the issues be resolved in one lawsuit.'"). *See also, Albright v.*

17   *Gates*, 362 F.2d 928, 929 (9th Cir. 1966) (Noting that we have given Rule 13 an

18   "increasingly liberal construction").  "Thus, courts should consider whether the facts

19   necessary to prove the claim and counterclaim substantially overlap." *Hart v. Clayton–*

20   *Parker and Associates, Inc.*, 869 F. Supp. 774, 776 (D. Ariz. 1994).

21           In this case, Defendants argue that Plaintiffs' claims are compulsory counterclaims

22   that should have been brought in *Cato v. Cosmo*.  Although Defendants have a plausible

1   argument that the claims may be considered part of the same transaction or occurrence,

2   Defendants fail to show that Plaintiffs can be considered opposing parties in the other

3   matter.  Basset is a member of Cato, but these are separate legal entities and Defendants

4   have failed to provide any reason for the Court to disregard the corporate form in this

5   case.  At most, the instant claims are related crossclaims that could have been brought in

6   or consolidated with the other matter.  However, even if these claims could be related

7   crossclaims of Cosmo, Defendants fail to provide persuasive authority that the other

8   plaintiffs in the case could somehow be freed to intervene in *Cato v.* Cosmo. Therefore,

9   the Court denies Defendants' motion to dismiss Plaintiffs' claims as compulsive

10  counterclaims.

11  **B.      Rule 12(b)(6)**

12          Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of

13  a cognizable legal theory or the absence of sufficient facts alleged under such a theory.

14  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material

15  allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

16  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to

17  dismiss, the complaint does not require detailed factual allegations but must provide the

18  grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

19  of a cause of action.  *Twombly*, 127 S. Ct. at 1965.  Plaintiffs must allege "enough facts to

20  state a claim to relief that is plausible on its face."  *Id.* at 1974.

21          The parties' initially dispute what materials the Court may consider.  Generally,

22  the scope of review on a motion to dismiss is limited to the contents of the complaint.

1    *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court, however, may

2    consider documents that are not attached to the complaint "if the documents'

3    authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them."

4    *Id.* (internal quotation marks omitted).

5         In this case, Defendants submitted 133 pages of supplemental material for the

6    Court to consider.  While some of the material is acceptable, most is beyond the scope of

7    review.  For example, Defendants submit the complaint and answer from *Cato v. Cosmo*.

8    The Court may take judicial notice of these documents, but may not consider the veracity

9    of the allegations contained therein.  On the other hand, the Court has never accepted

10   deposition testimony when considering a motion to dismiss because "factual challenges

11   to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations . . . ."

12   *Lee*, 250 F.3d at 688.  Relying on Plaintiffs' allegedly inconsistent factual contentions in

13   concurrent litigation sounds more in judicial estoppel than failure to state a plausible

14   claim for relief.  *See*, *e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782

15   (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from

16   gaining an advantage by asserting one position, and then later seeking an advantage by

17   taking a clearly inconsistent position.").  Therefore, the Court declines to consider any of

18   these additional materials because, at most, they merely contain factual allegations.

19        With regard to the arguments of Defendants' motion, they attack the reliance

20   elements of Plaintiffs' claims based on fraud and misrepresentation, Plaintiffs' alleged

21   internally inconsistent positions on the contract claim, and the elements of Plaintiffs'

22   CPA claim.  First, the majority of Defendants' arguments on the elements of reliance use

1    deposition testimony to attack the factual allegations supporting Plaintiffs' claims.  The

2    Court declines to consider these improper arguments.  Based on a review of the

3    complaint, Plaintiffs have stated claims for relief and, therefore, the Court denies

4    Defendants' motion on this issue.

5        Second, Defendants argue that Plaintiffs have pled themselves out of court by

6    asserting internally inconsistent positions in their claim for breach of contract.  While

7    Defendants focus on one factual allegation supporting Plaintiffs' claim, Plaintiffs assert at

8    least four other ways in which Charleston breached the agreement in question.  Dkt. 1, ¶

9    99(a)-(e).  A possible factual inconsistency in one of five factual predicates does not

10   show that Plaintiffs failed to state a plausible claim for relief.  Therefore, the Court denies

11   Defendants' motion on this issue.

12       Third, Defendants argue that Plaintiffs fail to plead sufficient facts in support of all

13   five elements of the CPA claim.  Although Defendants attack the veracity of the factual

14   allegations instead of the existence of factual allegations, the Court agrees with

15   Defendants that Plaintiffs have failed to state a claim for relief.  Upon review of the

16   complaint, Plaintiffs' cause of action is "merely a 'formulaic recitation' of the elements

17   of a cause of action."  *Twombly*, 127 S. Ct. at 1965.  Plaintiffs simply conclude that

18   Defendants' "conduct described above" meets every independent element of a CPA claim

19   without elaboration.  Dkt. 1, ¶¶ 102–106.  In other words, Plaintiffs state no facts in

20   support of this claim and force both Defendants and the Court to guess what conduct

21   described in the preceding paragraphs supports the elements of the asserted claim.

22   Therefore, the Court grants Defendants' motion on Plaintiffs' CPA claim.  Because the

1  Court is not convinced that any amendment would be futile, the Court grants Plaintiffs

2  leave to amend their CPA claim.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

3  1048, 1052 (9th Cir. 2003).

4  **IV. ORDER**

5       Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 14) is

6  **GRANTED in part** and **DENIED in part** as set forth herein.  Plaintiffs are **GRANTED**

7  leave to file an amended complaint consistent with this order.

8       Dated this 5th day of October, 2015.

9

10  _____

11  BENJAMIN H. SETTLE
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22