1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COSMO SPECIALTY FIBERS, INC., et al.,

               Plaintiffs,

      v.

RICHARD BASSETT, et al.,

               Defendants.

CASE NO. C15-5485 BHS

ORDER DENYING
DEFENDANTS' MOTION FOR
RECONSIDERATION

This matter comes before the Court on Defendants Richard Bassett and

Charlestown Investments Holdings, Ltd.'s ("Defendants") motion for reconsideration

(Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to

the motion and the remainder of the file and hereby denies the motion for the reasons

stated herein.

## I. PROCEDURAL HISTORY

On July 14, 2015, Plaintiffs Cosmo Specialty Fibers, Inc. ("Cosmo"), Cosmopolis

Holdings, LLC, Gores Capital Partners II, LP, and Gores Co-Invest Partnership II, LP

(collectively "Plaintiffs") filed a complaint against Defendants asserting claims for misrepresentation or fraud in the inducement, fraudulent concealment, negligent misrepresentation, breach of contract, and a violation of Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86.  Dkt. 1.

On August 5, 2015, Defendants filed a motion to dismiss.  Dkt. 14.  Defendants argue that Plaintiffs' claims are compulsory counterclaims that should have been brought in *Cato Sales and Trading v. Cosmo Specialty Fibers, Inc.*, No. C14-5549BHS (W.D. Wash.) ("*Cato v. Cosmo*") and, in the alternative, Plaintiffs fail to state a claim for relief. *Id.*  On October 5, 2015, the Court granted the motion in part and denied the motion in part.  Dkt. 22.  With respect to the compulsory counterclaims issue, the Court concluded that Plaintiffs are separate legal entities than defendant in *Cato v. Cosmo*.  *Id.* at 3–4.  On October 19, 2015, Defendants filed a motion for reconsideration as to the separate legal entities conclusion.  Dkt. 26.  At the pretrial conference in *Cato v. Cosmo*, the Court orally requested a response.  On November 2, 2015, Plaintiffs responded.  Dkt. 33.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

1    In this case, Defendants argue that they have new evidence and that the Court

2    committed manifest error.  With regard to the former, Defendants' new evidence fails to

3    show identity of the parties.  Defendants cite to pretrial statements and jury instructions

4    in the *Cato v. Cosmo* matter for the proposition that the parties are "effectively one and

5    the same."  Dkt. 26 at 4.  Defendants, however, fail to show how the assertion of an

6    affirmative defense allows the Court to disregard the corporate form in a separate action.

7    Therefore, the Court concludes that Defendants' new evidence is without merit.

8    With regard to the alleged manifest error, Defendants fail to establish that the

9    Court's conclusion was erroneous.  The Court recognizes Defendants' position that some

10   courts have disregarded the corporate form in certain, specific situations.  *See*, *e.g.*,

11   *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 386

12   (3d Cir. 2002) (claims against parent company should have been brought in action against

13   member company).  Defendants have failed to show that this is an unusual situation in

14   which the corporate form should be disregarded.  It is undisputed that the cases involve

15   separate contracts; this case involves a consulting agreement while the other case

16   involves an agency agreement.  While this complaint mentions the agency agreement, it

17   is not a suit for "breach of the ***same contract***."  Dkt. 26 at 7.  In any event, Plaintiffs

18   make a very persuasive argument that dismissal is not the appropriate remedy when the

19   companion case is still ongoing.  *See* Dkt. 33 at 7–9 (compulsory counterclaims cannot be

20   asserted in a second, separate action after *conclusion* of the first).

21

22

ORDER - 3

1

### III. ORDER

2        Therefore, it is hereby **ORDERED** that Defendants' motion for reconsideration

3    (Dkt. 26) is **DENIED**.

4        Dated this 24th day of November, 2015.

5

6                                              _____

7                                              BENJAMIN H. SETTLE
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4